Anthony J. Nunes (SBN 290224)
Nunes Law Group, APC
15260 Ventura Blvd, Suite 1200
Sherman Oaks, CA 91403
Telephone: (855) 422-5529
tony@nunesworkerrightslaw.com

Attorneys for Plaintiff JUAN JIMENEZ, on behalf of himself and all others similarly situated

**UNITED STATE DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JUAN JIMENEZ, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>SHERATON OPERATING, LLC, a Delaware corporation, STARWOOD HOTELS & RESORTS WORLDWIDE, LLC, a Maryland corporation, doing business as W HOTELS, and DOES 1-10,<br><br>Defendants. | Case No. 3:25-CV-07168<br><br>**COLLECTIVE ACTION COMPLAINT FOR:**<br><br>1. Collective Action - Violation of the Fair Labor Standards Act (29 U.S.C. 201, et seq.)<br>2. Failure to Pay Minimum Wage<br>3. Failure to Pay Overtime<br>4. Failure to Provide Meal Periods<br>5. Failure to Provide Paid Rest Breaks<br>6. Failure to Pay All Wages at Termination<br>7. Unfair Business Practices (California Business & Practices Section 17200)<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Juan Jimenez, on behalf of himself and all others similarly situated, alleges each of these causes of action against Defendants as follows:

## I. INTRODUCTION

1. Plaintiff JUAN JIMENEZ (hereinafter "Plaintiff") was a "Server," and/or "Attendant," and/or "Barback" for Defendants SHERATON OPERATING, LLC, a Delaware corporation, STARWOOD HOTELS & RESORTS WORLDWIDE, LLC, a Maryland limited liability corporation, doing business as W HOTELS (hereinafter "Defendant" or "W Hotels") in San Francisco, California.

2. Defendants violated the U.S. Fair Labor Standards Act, California's Labor Code, and California Industrial Welfare Commission (IWC) Wage Order No. 9-2001, which include:

a. Failing to pay minimum wage for every hour worked;

b. Failing to pay Plaintiff overtime wage when applicable;

c. Failing to pay Plaintiff premium wages for missed meal periods;

d. Failing to pay Plaintiff premium wages for missed rest periods;

e. Failing to maintain accurate employment records for Plaintiff; and

f. Failing to pay Plaintiff amounts owed at the end of his employment.

3. Plaintiff seeks unpaid wages and penalties for Labor Code violations.

## II. JURISDICTION AND VENUE

4. The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, and FUSS29 U.S.C. § 206(a)(1).

5. Federal jurisdiction is proper due to Defendants' violations of the minimum wage provision of the U.S. Fair Labor Standards Act. 29 U.S.C. § 206(a)(1). As described herein, Plaintiff alleges Defendants failed to pay any wages for off-the-clock work.

6. Plaintiff alleges that Defendants systematically violate the Fair Labor Standards Act ("FLSA") by failing to provide Plaintiff and other FLSA class members minimum wage for all hours worked.

7. Venue lies within the Northern California District because Defendant have and continue to operate in San Francisco, California in the Northern California District. Plaintiff worked in San Francisco and the injuries that are the subject of this lawsuit arose in San Francisco.

## III. PARTIES

### Plaintiff

8. Plaintiff is a resident of San Francisco County, California. At all relevant times herein, Plaintiff was employed by Defendants as a "Server," and/or "Attendant," and/or "Barback."

**Defendants**

9. Plaintiff alleges on information and belief that Defendant SHERATON OPERATING, LLC, a Delaware corporation, STARWOOD HOTELS & RESORTS WORLDWIDE, LLC, a Maryland limited liability corporation, doing business as W HOTELS ("Defendant" or "W Hotel") in San Francisco County.

10. Plaintiff alleges on information and belief that Defendants issues policies and procedures for all non-exempt employees working for Defendants.

11. The true names and capacities, whether individual, corporate, associate, or otherwise, of Defendants sued here in as DOES 1 through 10, inclusive, are currently unknown to Plaintiff, who therefore sues Defendants by such fictitious names. Plaintiff is informed and believes, and based thereon alleges, that Defendants designated herein as DOE(S) are legally responsible in some manner for the unlawful acts referred to herein.

12. Plaintiff will seek leave of court to amend this complaint to reflect the true names and capacities of the Defendants designated hereinafter as DOE(S) when such identities become known.

13. Plaintiff is informed and believes and thereon alleges that at all relevant times each Defendant, directly or indirectly, or through agents or other

persons, employed Plaintiff, and exercised control over the wages, hours, and working conditions of Plaintiff.

14. Plaintiff is informed and believes and thereon alleges that, at all relevant times, each Defendant was the principal, agent, partner, joint venturer, officer, director, controlling shareholder, subsidiary, affiliate, parent corporation, successor in interest and/or predecessor in interest of some or all of the other Defendants, and was engaged with some or all of the other Defendants in a joint enterprise for profit, and bore such other relationships to some or all of the other Defendants so as to be liable for their conduct with respect to the matters alleged.

15. Plaintiff is informed and believes and thereon alleges that each Defendant acted pursuant to and within the scope of the relationships alleged above, that each Defendant knew or should have known about, authorized, ratified, adopted, approved, controlled, aided and abetted the conduct of all other Defendants.

## IV. GENERAL ALLEGATIONS

16. Plaintiff Juan Jimenez was employed by Defendant SHERATON OPERATING, LLC, and/or STARWOOD HOTELS & RESORTS WORLDWIDE, LLC, doing business as “W Hotels” (hereinafter “Defendant(s)” or “W Hotel”) from 2004 to April 2024.

17. Plaintiff worked at Defendants' "W Hotel" located at 181 3rd Street, San Francisco, CA 94103.

18. Plaintiff alleges that throughout his employment, Defendants implemented and maintained a policy to pay non-exempt employees less than the applicable minimum wage by failing to pay employees for all hours worked. Defendants were aware of the fact that under their system, Plaintiff regularly worked unpaid hours.

19. Plaintiff alleges that throughout his employment, Defendants also failed to provide overtime wages earned for all hours worked by Plaintiff and other FLSA class members in excess of eight hours per day and/or forty hours per week.

20. Where overtime compensation was received at all, it was for fewer than all overtime hours worked and was paid at less than the amount required by law.

21. Throughout Plaintiff's employment, Plaintiff and other employees would consistently work off-the-clock to avoid accruing additional hours worked.

22. Defendant was aware that Plaintiff would regularly clock-out and continue to work off-the-clock and without any compensation.

23. Plaintiff alleges that throughout his employment, Defendants also failed to provide Plaintiff and others similarly situated with all the required meal

periods when they worked more than five hours in a day; and Defendants failed to pay employees a one-hour premium wage in lieu thereof.

24. Plaintiff alleges that in order to meet Defendants' workload requirement, Plaintiff and other employees frequently worked through meal periods and rest breaks.

25. Defendants' managers are aware and, in some cases, directed the employees to manipulate their timecard to show breaks that were skipped.

26. Defendant's supervisors would manually change employees' time records to reflect meal breaks that were not actually taken. Employees did not consent to these time adjustments.

27. Defendant systematically manipulates time cards. Plaintiff and other employees were required to work through meal and rest breaks, but managers would edit time records to avoid paying a 1-hour premium for each missed break.

28. On information and belief, Plaintiff alleges the timekeeping system will show overrides or adjustments made by management. Employees, including Plaintiff, were consistently required to work through meal and rest breaks.

29. Employees did not have access to their own time records or the ability to verify or contest changes made by management. Only managers could make and view adjustments, and employees were not notified or given documentation of these changes.

30. Labor Code Section 512 states that an "employer may not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes" if and when such employees work more than 5 hours in any given workday. Labor Code Section 512 further requires two 30 -minute duty-free meal periods when an employee works more than 10 hours in any given workday.

31. Plaintiff alleges that Defendants' corporate policies, procedures, and uniform understaffing, were either written or institutionalized into each Defendant's labor practices, such that Plaintiff was not able to, or permitted to, take timely rest breaks or lunch periods, pursuant to the Labor Code, Industrial Welfare Commission Wage Order 5-2001, and other applicable Wage Orders.

32. Plaintiff alleges that throughout his employment, Defendants failed to provide Plaintiff and other similarly situated with timely and accurate wage and hour statements.

33. Plaintiff alleges Defendants did not maintain adequate records pertaining to when Plaintiff and other FLSA class members began and finished each work period; meal/rest breaks; hours worked per day; hours worked per pay period; and applicable rates of pay for all regular hours and overtime.

34. Plaintiff alleges that Defendants have maintained and continue to maintain uniform practices and procedures which are in inconsistent with state and federal law.

35. Plaintiff alleges that throughout his employment, Defendants engage in uniform policies and conduct, as alleged herein resulting in violations of Labor Code §§ 201, 202, 203, 204, 226, 226.7, 510, 1194, and 2750.5.

36. Plaintiff brings this action pursuant to Business and Professions Code §§ 17200-17208, seeking injunctive relief and restitution of all benefits obtained by Defendants by engaging in the unlawful conduct complained herein.

37. The true names and capacities, whether individual, corporate, associate, or otherwise, of Defendants sued here in as DOES 1 through 10, inclusive, are currently unknown to Plaintiff, who therefore sues Defendants by such fictitious names. Plaintiff is informed and believes, and based thereon alleges, that Defendants designated herein as DOE(S) are legally responsible in some manner for the unlawful acts referred to herein.

38. Plaintiff will seek leave of court to amend this complaint to reflect the true names and capacities of the Defendants designated hereinafter as DOE(S) when such identities become known.

39. Plaintiff is informed and believes and thereon alleges that, at all relevant times, each Defendant was the principal, agent, partner, joint venturer,

officer, director, controlling shareholder, subsidiary, affiliate, parent corporation, successor in interest and/or predecessor in interest of some or all of the other Defendants, and was engaged with some or all of the other Defendants in a joint enterprise for profit, and bore such other relationships to some or all of the other Defendants so as to be liable for their conduct with respect to the matters alleged below.

40. Plaintiff is informed and believes and thereon alleges that each Defendant acted pursuant to and within the scope of the relationships alleged above, that each Defendant knew or should have known about, authorized, ratified, adopted, approved, controlled, aided and abetted the conduct of all other Defendants.

## COLLECTIVE ACTION ALLEGATIONS

41. Plaintiff brings this cause of action on behalf of himself and on behalf of all persons similarly situated, ("the class" or "FLSA class") as alleged herein. This action is brought and may properly be maintained as a collective action pursuant to the provisions of the Fair Labor Standards Act (29 U.S.C. 201, et seq.).

42. The proposed FLSA class Plaintiff seeks to represent is presently defined as follows:

**Proposed Collective Action Class:**

All of the current and former servers, attendants, or barbacks for Defendants within the four years prior to the date of the filing of this Complaint through the date of the final disposition of this action.

43. Plaintiff is a member of the proposed class.

44. There is a well-defined community of interest in the litigation and the FLSA class is ascertainable.

A. **Numerosity**: The FLSA class is so numerous that individual joinder of all members is impractical under the circumstances of this case.

B. **Common Questions Predominate**: Common questions of law and fact exist as to all FLSA class members, and predominate over any questions that affect only individual members of the FLSA class. The common questions of law and fact include, but are not limited to:

i. What were and are the policies, programs, practices, procedures and protocols of Defendants regarding class members' actual work and tasks, and their job duties irrespective of job titles;

ii. Whether Defendants violated the FLSA by their practices whereby class members were working off-the-clock and without compensation;

iii. Whether Defendants violated California law by their policies, programs, practices, procedures and protocols regarding rest periods for class members;

iv. Whether Defendants violated California law by their policies, programs, practices, procedures and protocols regarding lunch breaks for class members;

v. What were and are the policies, programs, practices, procedures and protocols of Defendants regarding furnishing to the FLSA class members, upon each payment of wages, itemized statements required by Labor Code section 226;

vi. Whether Defendants violated California law by their policies, programs, practices, procedures and protocols regarding furnishing to the FLSA class members, upon each payment of wages, itemized statements required by Labor Code section 226;

vii. Whether Defendants violated California's Business & Professions Code sections 17200 *et seq.* by their policies, programs, practices, procedures and conduct referred to in this cause of action;

viii. Whether Defendants obtained voluntarily waivers with consent and full disclosure, and whether a written signed waiver is effective as to all future meal and rest periods;

ix. The proper measure of damages sustained and the proper measure of restitution recoverable by members of the California class; and,

x. Additional common questions of law and fact may develop as the litigation progresses.

C. **Typicality**: Plaintiff's claims are typical of the claims of the FLSA class. Plaintiff and other class members sustained losses, injuries and damages arising out of the Defendants' common policies, programs, practices, procedures, and course of conduct referred to in each cause of action and throughout this Complaint, which were applied uniformly to class members as well as Plaintiff. Plaintiff seeks recoveries for the same types of losses, injuries, and damages as were suffered by the other class members as well as Plaintiff.

D. **Adequacy**: Plaintiff and his counsel will fairly and adequately protect the interests of the FLSA class. Plaintiff have no interest that is adverse to the interests of the other class members.

E. **Superiority**: A FLSA collective action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all class members is impractical. Collective action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions engender.

Also, because the losses, injuries and damages suffered by each of the individual class members are small in the sense pertinent to collective action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a collective action. The cost to the court system and the public of adjudication of individual litigation and claims would be substantial, and substantially more than if the claims are treated as collective action. Individual litigation and claims would also present the potential for inconsistent or contradictory results.

F. **Public Policy Considerations**: Defendants and other employers throughout the state violate wage and hour laws. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are often fearful of bringing claims because doing so can harm their employment and future efforts to secure employment. FLSA provides class members who are not named in the complaint a degree of anonymity that allows for vindication of their rights while eliminating these risks, or at least enormously reducing them.

# CAUSES OF ACTION

## First Cause of Action

### Violations of the Fair Labor Standards Act (“FLSA,” 29 U.S.C. 201, *et seq.*)

45. Plaintiff incorporates all previous paragraphs of this Complaint as though fully set forth herein.

46. Plaintiff is informed and believe, and thereon alleges, that Defendants have required collective class members, as part of their employment, to work without receiving the minimum wage for all hours worked, under 29 U.S.C. § 206(a). That section provides the following: “Every employer shall pay to each of their employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, wages at the [minimum wage].

47. Plaintiff is informed and believes, and thereon alleges that Defendants have required, or require collective class members, as part of their employment, to work without compensation.

48. Plaintiff alleges Defendant violated FLSA and California labor laws by: failing to pay minimum wage for all hours worked; not providing overtime compensation; requiring off-the-clock work; failing to provide required meal periods; manipulating time records to show breaks that weren't taken; penalizing employees for gaps in scanning activity longer than 10 minutes; refusing to pay

accrued vacation hours; and not providing second meal periods for shifts over 10 hours.

49. Plaintiff alleges Defendants implemented and maintained policies to pay non-exempt employees less than the applicable minimum wage by failing to pay for hours worked.

50. Defendants were aware of the fact that under their system, Plaintiff and FLSA class members regularly worked unpaid hours and/or worked for compensation at less than the applicable minimum wage.

51. During the liability period, Defendants have routinely failed to pay Plaintiff the minimum wage required under California and federal law. Plaintiff's timecards and pay stubs did not list his actual regular and overtime hours worked.

52. Plaintiff alleges that Defendants systematically violates the Fair Labor Standards Act by failing to provide Plaintiff and other FLSA class members with minimum wage for all hours worked.

53. Defendants' violations of the FLSA were willful and are ongoing.

54. Plaintiff proposes to undertake appropriate proceedings to have the collective class members aggrieved by Defendants' unlawful conduct notified of the pendency of this action and given the opportunity to join this action as Plaintiff, pursuant to 29 U.S.C. § 216(b), by filing written consents / joinders with the Court.

55. Attached hereto as **Exhibit A is** Plaintiff's signed Fair Labor Standard Act Consent to Join form for this collective action.

56. As a result of Defendants' unlawful conduct, Plaintiff and the collective class members have suffered damages as set forth herein.

57. As a result of the foregoing, Plaintiff seeks judgment against Defendants on their own behalf, and on behalf of those collective class members similarly situated who file written consents to join in this action, for all unpaid wages owed by Defendants to Plaintiff and the collective class members, pursuant to 29 U.S.C. §§ 206 and 207, together with an award of an additional equal amount as liquidated damages, and costs, interests, and reasonable attorneys' fees, pursuant to, *inter alia*, 29 U.S.C. § 216(b).

58. WHEREFORE, Plaintiff seeks relief as described herein and below.

## <u>Second Cause of Action</u>

### Failure to Pay Minimum Wage
### (Labor Code §§ 1182.12, 1194, 1197 and 1197.1, IWC Wage Orders)

59. Plaintiff incorporates all previous paragraphs of this Complaint as though fully set forth herein.

60. During the liability period, Defendants have routinely failed to pay Plaintiff for each hour suffered or permitted to work.

61. Throughout Plaintiff's employment, Plaintiff was pressured by Defendant, including Plaintiff's manager work off-the-clock to avoid accruing additional hours worked.

62. Plaintiff alleges Defendant violated FLSA and California labor laws by: failing to pay minimum wage for all hours worked; not providing overtime compensation; requiring off-the-clock work; failing to provide required meal periods; manipulating time records to show breaks that weren't taken; penalizing employees for gaps in scanning activity longer than 10 minutes; refusing to pay accrued vacation hours; and not providing second meal periods for shifts over 10 hours.

63. Defendant's management was aware that Plaintiff would regularly clock-out and continue to work off-the-clock and without any compensation.

64. At all relevant times, the Industrial Welfare Commission Wage Orders contained in Title 8 of the Code of Regulations (Wage Orders) applied to Plaintiff in his capacity as an employee of Defendants. The Wage Orders and California law provided, among other things, that employees must receive minimum wage earnings for all hours worked.

65. Plaintiff pay stubs did not list his accurate regular and overtime hours worked. Plaintiff worked unpaid hours for Defendants as a part of systematic pattern of Defendants' failing to pay employees for all hours worked.

66. During the liability period, Defendants have routinely failed to pay employees the minimum wage required under California law.

67. Labor Code Section 1194 provides in pertinent part: "any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit."

68. Labor Code Section 1197 provides that the "minimum wage for employees fixed by the commission or by any applicable state or local law, is the minimum wage to be paid to employees, and the payment of a lower wage than the minimum so fixed is unlawful."

69. Defendants violated California Labor Code sections 1182.12, 1194, 1197, 1197.1 and the applicable Wage Order, Wage Order No. 9, by willfully failing to pay all minimum wages due to Plaintiff.

70. Plaintiff seeks all actual, consequential and incidental losses and damages, including, unpaid minimum wages, interest thereon, attorneys' fees, and costs.

71. WHEREFORE, Plaintiff seeks relief as described herein and below.

## Third Cause of Action

### Failure to Pay Wages at California Overtime Rate (Lab. Code § 1194, IWC Wage Orders, and Related Violations)

72. Plaintiff incorporates all previous paragraphs of this Complaint as though fully set forth herein.

73. Throughout Plaintiff's employment, Plaintiff would consistently work off-the-clock to avoid accruing overtime hours.

74. Plaintiff's manager was aware that Plaintiff would regularly clock-out and continue to work with any compensation.

75. Plaintiff alleges Defendants failed to provide overtime wages earned for all hours worked by Plaintiff in excess of eight (8) hours per day and/or forty (40) hours per week. Where overtime compensation was received at all, it was for fewer than all overtime hours worked and was paid at less than the amount required by California law.

76. Throughout the liability period, Plaintiff worked in excess of forty (40) hours per week and/or in excess of excess of eight (8) hours per day.

77. Defendants were actually aware that Plaintiff was regularly working overtime virtually during the liability period, but Defendants failed and refused to pay Plaintiff for his overtime hours. Throughout the period applicable to this cause of action, Defendants did not pay Plaintiff at the required overtime rate.

78. Pursuant to Labor Code section 1194, Plaintiff is entitled to recover unpaid overtime compensation, and other unpaid wages, interest, plus attorneys' fees and costs.

79. As a direct and proximate result of Defendants' unlawful conduct, as set forth herein, Plaintiff has sustained damages, including loss of earnings for hours of overtime worked on behalf of Defendants in an amount to be established at trial, prejudgment interest, and attorneys' fees and costs, pursuant to statute and other applicable law.

80. WHEREFORE, Plaintiff seeks relief as described herein and below.

## <u>Fourth Cause of Action</u>

### Failure to Provide Meal Periods
### (Labor Code §§ 226.7 and 512)

81. Plaintiff incorporates all previous paragraphs of this Complaint as though fully set forth herein.

82. Throughout the period applicable to this cause of action, California law, as set forth in relevant part by the Industrial Welfare Commission Wage Order No. 9 at section (11), provided as follows:

> i. No employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes
>
> ii. If an employer fails to provide an employee a meal period in accordance with the applicable provisions of this Order, the employer shall pay the employee one (1) hour of pay at the

> employee's regular rate of compensation for each work day that the meal period is not provided.

83. Labor Code Section 512 states that an "employer may not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes" if and when such employees work more than 5 hours in any given workday. Labor Code Section 512 further requires two 30 -minute duty-free meal periods when an employee works more than 10 hours in any given workday.

84. Labor Code section 226.7 requires payment of one (1) hour of pay in lieu of each meal periods not provided by the employer.

85. Throughout the period applicable to this cause of action, Defendants failed to consistently allow and provide one or more duty-free 30-minute meal periods in violation of Labor Code section 510 and Wage Order No. 9, as required by California law.

86. By virtue of this unlawful conduct, Plaintiff is entitled to compensation as stated above, plus interest, attorneys' fees, costs and other applicable relief.

87. Throughout the period applicable to this cause of action, Defendants required Plaintiff to work during meal periods mandated by the applicable orders of the Industrial Welfare Commission. Therefore, Plaintiff is entitled to be paid as

stated in Labor Code section 226.7, plus interest, attorneys' fees, costs and other applicable relief.

88. Plaintiff did not voluntarily or willfully waive rest and/or meal periods and were regularly required to work through meal periods. Defendants failed to meet the requirements for lawful on-duty meal periods and/or instituted a course of conduct that created a working environment in which non-exempt employees were incapable of taking rest and/or meal periods. As such, non-exempt employees were intimidated or coerced into waiving meal periods, and any written waivers were obtained without full disclosure and are thus involuntarily and without consent.

89. WHEREFORE, Plaintiff seeks relief as described herein and below.

**<u>Fifth Cause of Action</u>**

**Failure to Provide Rest Breaks**
**(Labor Code §§ 226.7 and 512)**

90. Plaintiff incorporates all previous paragraphs of this Complaint as though fully set forth herein.

91. Plaintiff alleges Defendants also failed to provide Plaintiff with all the required rest breaks. Additionally, Defendants failed to pay Plaintiff a one-hour premium wage in lieu thereof.

92. The timekeeping system will show overrides or adjustments made by management. Employees, including Plaintiff, were consistently required to work through meal and rest breaks.

93. Employees were not encouraged to take their breaks. Rather Defendant's manager monitored for gaps in scanning activity and penalized employees for any gap longer than 10 minutes.

94. Wage Order No. 9, Section 12, requires each employer to provide each of Plaintiff with at least one rest period of 10-minutes rest time for each 4 hours, or major fraction thereof, that each such employee works during each workday.

95. Labor Code Section 226.7 provides that if an employer fails to provide an employee with a rest period in accordance with Wage Order No. 9, the employer must pay such employee(s) one additional hour of pay at the employee's regular rate of pay for each day that such a rest period was not provided.

96. By their failure to provide rest periods for every four (4) hours or major fraction thereof worked per workday by non-exempt employees, and failing to provide one (1) hour's pay in lieu thereof, as alleged above and herein, Defendants willfully violated the provisions of Labor Code sections 226.7 and IWC Wage Orders at section (12).

97. By failing to keep adequate time records required by sections 226 and 1174(d) of the Labor Code and IWC Wage Order at section (7), Defendants have injured Plaintiff and made it difficult to calculate the unpaid rest and meal period compensation due Plaintiff. On information and belief, Plaintiff alleges that Defendants' failure to maintain accurate records was willful.

98. As a result of the unlawful acts of Defendants, Plaintiff was deprived of premium wages in amounts to be determined at trial, and is entitled to an accounting and recovery of such amounts, plus interest and penalties thereon, attorneys' fees, and costs, under the Labor Code and the applicable IWC Wage Orders.

99. WHEREFORE, Plaintiff seeks relief as described herein and below.

## Sixth Cause of Action

### Failure to Pay All Wages at Termination
### (Labor Code §§ 201- 203)

100. Plaintiff incorporates all previous paragraphs of this Complaint as though fully set forth herein.

101. Plaintiff alleges that Defendants has systematically failed pay Plaintiff all wages owed at termination.

102. Defendants failed to pay Plaintiff, without abatement, all wages (as defined by applicable California law) within the time required by applicable California law. Defendants’ failure to pay said wages within the required time was willful within the meaning of Labor Code section 203.

103. Defendants failed to timely pay all wages due as penalties pursuant to Labor Code sections 201, 202, 203.

104. Therefore, Plaintiff is entitled to one day's wages for each day he was not timely paid all said wages due, up to a maximum of thirty days' wages for each employee.

105. WHEREFORE, Plaintiff seeks relief as described herein and below.

**<u>Seventh Cause of Action</u>**

**Violation of Unfair Competition Law**
**(Bus. and Prof. Code § 17200 *et seq.*)**

106. Plaintiff incorporates all previous paragraphs of this Complaint as though fully set forth herein.

107. Plaintiff alleges that Defendants has systematically failed pay Plaintiff all wages owed at termination.

108. Plaintiff brings this action on behalf of himself pursuant to Business and Professions Code sections 17200 *et seq.* Defendants' conduct alleged above constitutes unlawful business acts and practices in violation of Business & Professions Code sections 17200 *et seq.* Defendants engaged in unfair competition in violation of California's Unfair Competition Law ("UCL") by violating, *inter alia,* each of the following laws, Labor Code sections 201, 202, 203, 226, 226.7, 226.8, 510, 512, 1174, 1175, 1182.12, 1194, 1197, 1197.1, 1198, 1199, and 2802, and applicable Wage Orders, including Wage Order No. 9.

109. Defendants' course of conduct, acts, and practices in violation of the California laws mentioned in the above paragraph constitute a separate and

independent violation of the UCL. Defendants' conduct described herein violates the policy or spirit of such laws or otherwise significantly threatens or harms competition.

110. The harm to Plaintiff in being wrongfully denied lawfully earned wages outweighs the utility, if any, of Defendants' policies or practices and, therefore, Defendants' actions described herein constitute an unfair business practice or act within the meaning of the UCL.

111. The unlawful and unfair business practices and acts of Defendants, and each of them, described above, injured Plaintiff in that he was wrongfully denied the payment of earned wages.

112. Plaintiff seeks restitution in the amount of the respective unpaid wages earned and due at a rate not less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a work week, or eight hours in a day, and double the regular rate of pay for work performed in excess of twelve hours per day and such other legal and equitable relief from Defendants' unlawful and willful conduct as the Court deems just and proper.

113. Pursuant to Business and Professions Code sections 17200 *et seq.*, for the statute of limitations period covered by this cause of action, Plaintiff is entitled to restitution for at least the following: the unpaid withheld and retained by Defendants referred to above.

114. Plaintiff, and the general public, are also entitled to permanent injunctive and declaratory relief prohibiting Defendants from engaging in the violations and other misconduct referred to above.

115. Defendants are also liable to pay attorneys' fees pursuant to California Code of Civil Procedure section 1021.5 and other applicable law, and costs. Plaintiff also seeks recovery of attorneys' fees and costs of this action to be paid by Defendant, as provided by the UCL and California Labor Code §§ 218, 218.5, and 1194.

116. WHEREFORE, Plaintiff seeks relief as described herein and below.

## VII.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

1. For civil penalties pursuant to 8 U.S.C. § 1331, and 29 U.S.C. § 201 et. seq.

2. For civil penalties pursuant to Labor Code §§ 226(e), 226.8(b), 226.8(c), 1174.5, and 1197.1;

3. For compensatory damages representing the amount of backpay owed to Plaintiff and employees for unpaid wages;

4. For compensatory damages representing the amount of unpaid wages owed to Plaintiff;

5. For compensatory damages pursuant to Labor Code § 226.7 for missed meal and rest breaks;

6. For compensatory damages pursuant to Labor Code S§ 2802;

7. For reasonable attorneys' fees and costs pursuant to Labor Code §§s 226(e), 1194, and 2802(c);

8. For civil penalties, attorneys' fees and costs;

9. For general, special damages as deemed by the Court appropriate;

10. For liquidated damages pursuant to Labor Code § 1194.2;

11. For waiting time penalties for failing to pay all wages termination;

12. For pre-judgment interest;

13. For restitution as described in the cause of action under Business & Professions Code §§ 17200 *et seq.* above;

14. For permanent injunctive and declaratory relief described in the cause of action under Business & Professions Code §§ 17200 *et seq.* above;

15. A declaratory judgment that the practices complained of herein are unlawful under federal California state law;

16. Attorney's fees and costs of suit, including expert fees pursuant to California Labor Code §§218.5, 1194, and Code Civ. Proc. §1021.5; and

17. Such other injunctive and equitable relief as the Court deems proper.

**DATED:** August 26, 2025

**NUNES LAW GROUP, APC**

*Anthony J. Nunes*

By: Anthony J. Nunes, Esq.
Attorneys for Plaintiff JUAN JIMENEZ